IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| RHONDA DENISE CALVERT, )<br>)<br>　　　　　Plaintiff, )<br>)<br>v. )<br>)<br>KILO KIJAKAZI, )<br>Acting Commissioner of the )<br>Social Security Administration, )<br>)<br>　　　　　Defendant. ) | Case No. CIV–21–271–JAR |

### OPINION AND ORDER

Plaintiff Rhonda Denise Calvert (the "Claimant") requests judicial review of the decision of the Commissioner of the Social Security Administration (the "Commissioner") denying Claimant's application for disability benefits under the Social Security Act. Claimant appeals the decision of the Administrative Law Judge ("ALJ") and asserts that the Commissioner erred because the ALJ incorrectly determined that Claimant was not disabled. For the reasons discussed below, it is the finding of this Court that the Commissioner's decision should be and is **AFFIRMED**.

### Social Security Law and Standard of Review

Disability under the Social Security Act is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment[.]" 42 U.S.C. § 423(d)(1)(A). A claimant is disabled under the Social Security Act "only if [her] physical or mental impairment or impairments are of such severity that [she] is not only unable to do his previous work but cannot, considering [her] age, education, and

work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423 (d)(2)(A). Social security regulations implement a five-step sequential process to evaluate a disability claim. *See* 20 C.F.R. §§ 404.1520, 416.920.[1]

Section 405(g) limits the scope of judicial review of the Commissioner's decision to two inquiries: whether the decision was supported by substantial evidence and whether correct legal standards were applied. *See Hawkins v. Chater*, 113 F.3d 1162, 1164 (10th Cir. 1997). Substantial evidence is "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (*quoting Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Clifton v. Chater*, 79 F.3d 1007, 1009 (10th Cir. 1996). The Court may not reweigh the evidence or substitute its discretion for the Commissioner's. *See Casias v. Secretary of Health & Human Services*, 933 F.2d

---

[1] Step one requires the claimant to establish that she is not engaged in substantial gainful activity. Step two requires the claimant to establish that she has a medically severe impairment (or combination of impairments) that significantly limits her ability to do basic work activities. If the claimant *is* engaged in substantial gainful activity, or her impairment *is not* medically severe, disability benefits are denied. If she *does* have a medically severe impairment, it is measured at step three against the listed impairments in 20 C.F.R. Part 404, Subpt. P, App. 1. If the claimant has a listed (or "medically equivalent") impairment, she is regarded as disabled and awarded benefits without further inquiry. Otherwise, the evaluation proceeds to step four, where the claimant must show that she lacks the residual functional capacity ("RFC") to return to her past relevant work. At step five, the burden shifts to the Commissioner to show there is significant work in the national economy that the claimant *can* perform, given her age, education, work experience, and RFC. Disability benefits are denied if the claimant can return to any of her past relevant work or if her RFC does not preclude alternative work. *See generally Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988).

799, 800 (10th Cir. 1991). But the Court must review the record as a whole, and "[t]he substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 488 (1951); *see also Casias*, 933 F.2d at 800–01.

## Claimant's Background

The claimant was fifty-four years old at the time of the administrative hearing. (Tr. 91, 141). She possesses at least a high school education. (Tr. 52). She has worked as an appliance assembler, horticultural worker, general clerk, hand packager, machine setter, kitchen helper, and garden center salesperson. (Tr. 79). Claimant alleges that she has been unable to work since September 1, 2017, due to limitations resulting from a neck injury, a back injury, Lyme disease, diabetes, thyroid issues, and fluid retention. (Tr. 111).

## Procedural History

On January 24, 2019, Claimant protectively filed for disability insurance benefits pursuant to Title II (42 U.S.C. § 401, *et seq.*) and for supplemental security income pursuant to Title XVI (42 U.S.C. § 1381, *et seq.*) of the Social Security Act. After an administrative hearing, Administrative Law Judge Doug Gabbard, II ("ALJ") issued an unfavorable decision on August 17, 2020. Appeals Council denied review, so the ALJ's written opinion is the Commissioner's final decision for purposes of this appeal. *See* 20 C.F.R. § 416.1481.

## Decision of the Administrative Law Judge

The ALJ made his decision at step four of the sequential evaluation. He

determined that while Claimant suffered from severe impairments, she retained the residual functional capacity ("RFC") to perform the full range of light work.

### Error Alleged for Review

Claimant asserts the ALJ committed error in (1) improperly evaluating the medical opinion evidence, (2) failing to properly analyze Claimant's RFC, and (3) improperly evaluating the consistency of Claimant's complaints.

### RFC Determination

In his decision, the ALJ determined Claimant suffered from the severe impairment of degenerative disc disease. (Tr. 22). The ALJ concluded that Claimant retained the RFC to perform the full range of light work as defined in 20 C.F.R. §§ 404.1567(b) and 416.967(b). (Tr. 95).

After consultation with a vocational expert, the ALJ found that Claimant could perform past relevant work of a general clerk. (Tr. 99). As a result, the ALJ found Claimant has not been disabled since September 1, 2017, the alleged onset date of disability, through the date of the decision, August 17, 2020. (Tr. 100–101).

Claimant contends that the ALJ's reliance on the state reviewing physician opinions was flawed as the state reviewing physicians did not review relevant imaging evidence. For claims filed on or after March 27, 2017, medical opinions are evaluated pursuant to 20 C.F.R. §§ 404.1520c and 416.920c. Under these rules, the ALJ does not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s)[.]" 20 C.F.R. §§ 404.1520c(a), 416.920c(a). Instead, the ALJ evaluates the persuasiveness of all medical

opinions and prior administrative medical findings by considering a list of factors. See 20 C.F.R. §§ 404.1520c(b), 416.920c(b). The factors are: (i) supportability, (ii) consistency, (iii) relationship with the claimant (including length of treatment relationship, frequency of examinations, purpose and extent of treatment relationship, and examining relationship), (iv) specialization, and (v) other factors that tend to support or contradict a medical opinion or prior administrative finding (including, but not limited to, "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of our disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Generally, the ALJ is not required to explain how the other factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, when the ALJ finds that two or more medical opinions or prior administrative findings on the same issue are equally well-supported and consistent with the record but are not exactly the same, the ALJ must explain how "the other most persuasive factors in paragraphs (c)(3) through (c)(5)" were considered. 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).

Supportability and consistency are the most important factors in evaluating the persuasiveness of a medical opinion and the ALJ must explain how both factors were considered. See 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). The supportability factor examines how well a medical source supported their own opinion with "objective medical evidence" and "supporting explanations." 20 C.F.R. §§ 404.1520c(c)(1), 416.920c(c)(1). The consistency factor calls for a comparison between the medical opinion and "the evidence from

other medical sources and nonmedical sources" in the record. 20 C.F.R. §§ 404.1520c(c)(2), 416.920c(c)(2).

An ALJ continues to have the duty to evaluate every medical opinion in the record regardless of its source. *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004). He may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence." *Hardman v. Barnhart*, 362 F.3d 676, 681 (10th Cir. 2004); see also *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (finding an ALJ "is not entitled to pick and choose through an uncontradicted medical opinion, taking only the parts that are favorable to a finding of nondisability"). If he rejects an opinion completely, the ALJ must give "specific, legitimate reasons" for doing so. *Watkins v. Barnhart*, 350 F.3d 1297, 1300 (10th Cir. 2003) (internal citations omitted).

Here, the ALJ agreed with the opinion of the state reviewing physicians, Dr William Spence and Dr. Edna Daniel, finding their opinions to be consistent with the medical records and Claimant's reported daily activities. (Tr. 98). The state reviewing physicians found that Claimant was limited in that she could only lift twenty pounds occasionally, lift ten pounds frequently, and stand and/or walk for six hours out of an eight-hour workday. (Tr. 98). Additionally, they found Claimant could sit for up to six hours out of an eight-hour workday. (Tr. 98). Claimant contends that the ALJ erred in relying on Dr. Spence and Dr. Daniel's opinion as they did not review Claimant's most updated cervical spine imaging completed on July 9, 2019. Claimant argues that this is reversible error because this particular imaging shows a disc bulge at C4-5, which was not

6

shown in previous imaging reviewed by the state physicians. (Tr. 386–388). Although the state reviewing physicians did not consider this particular imaging evidence, they did review prior MRIs which contained evidence of multilevel bulging discs as well as a herniated disc. Additionally, the ALJ makes mention of the July 2019 MRI during his analysis of the state reviewing physician's conclusions. The ALJ explicitly states that he considered the July 2019 evidence but finds it consistent with the state reviewing physicians indicating that this evidence is not so notable that it would change the ALJ's RFC determination.

"[R]esidual functional capacity consists of those activities that a claimant can still perform on a regular and continuing basis despite his or her physical limitations." *White v. Barnhart*, 287 F.3d 903, 906 n.2 (10th Cir. 2001). A residual functional capacity assessment "must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts . . . and nonmedical evidence." Soc. Sec. Rul. 96–8p, 1996 WL 374184, *7 (July 2, 1996). The ALJ must also discuss the individual's ability to perform sustained work activities in an ordinary work setting on a "regular and continuing basis" and describe the maximum amount of work-related activity the individual can perform based on evidence contained in the case record. *Id.* He must "explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved." *Id.* However, there is "no requirement in the regulations for a direct correspondence between an RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012).

Although Claimant contends that the ALJ altogether failed to explain how he arrived at the designated RFC, it is clear to this Court that the ALJ determined the RFC through adoption of the state reviewing physician opinions. Further, nothing in the record suggests that any greater limitations should be imposed in the forming of Claimant's RFC. The Court finds no error in the ALJ's consideration of the state reviewing physician opinion which he used as the basis of his RFC finding.

## Credibility/Consistency Analysis

Claimant next argues that the ALJ improperly evaluated Claimant's credibility and consistency by improperly finding Claimant uncredible through improperly merely listing Claimant's daily activities, failing to consider modifications used by Claimant during her daily activities, and improperly picking and choosing evidence on pain and drowsiness in order to find Claimant's complaints were inconsistent. Deference must be given to an ALJ's evaluation of Claimant's pain or symptoms, unless there is an indication the ALJ misread the medical evidence as a whole. *See Casias v. Sec'y of Health & Hum. Servs.*, 933 F.2d 799, 801 (10th Cir. 1991). Any findings by the ALJ "should be closely and affirmatively linked to substantial evidence and not just a conclusion in the guise of findings." *Kepler v. Chater*, 68 F.3d 387, 391 (10th Cir. 1995) (quotation omitted). The ALJ's decision "must contain specific reasons for the weight given to the [claimant's] symptoms, be consistent with and supported by the evidence, and be clearly articulated so the [claimant] and any subsequent reviewer can assess how the [ALJ] evaluated the [claimant's] symptoms." Soc.

Sec. Rul. 16-3p, 2017 WL 5180304, at *10 (Oct. 25, 2017). However, an ALJ is not required to conduct a "formalistic factor-by-factor recitation of the evidence[,]" but he must set forth the specific evidence upon which he relied. *Qualls v. Apfel*, 206 F.3d 1368, 1372 (10th Cir. 2000).

As part of his evaluation of Claimant's physical symptoms, the ALJ noted the two-step process for the evaluation of symptoms set forth in Social Security Ruling 16-3p and the requirements under 20 C.F.R. § 404.1529. He determined Claimant's medically determinable impairment could reasonably cause her alleged symptoms, but he found that Claimant's statements regarding the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the evidence in the record. (Tr. 95).

The ALJ considered Claimant's subjective complaints and found those complaints inconsistent with his review of the medical records and Claimant's Functional Report. Claimant's functional report does not indicate the need for further limitations than imposed by the ALJ. After reviewing Claimant's testimony and her adult functional report, this Court cannot find that the ALJ's finding is unsupported by the evidence.

## Conclusion

The decision of the Commissioner is supported by substantial evidence and the correct legal standards were applied. Therefore, the Magistrate Judge finds for the above and foregoing reasons, the ruling of the Commissioner of Social Security Administration should be and is **AFFIRMED**.

**IT IS SO ORDERED** this 28th day of March, 2023.

_____
**JASON A. ROBERTSON
UNITED STATES MAGISTRATE JUDGE**